17 F.3d 1443
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 CENTENNIAL LEASING, Appellant,
v.
Richard G. AUSTIN, Administrator, General Services
Administration, Appellee.
 No. 93-1264.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1994.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Centennial Leasing appeals two decisions of the General Services Board of Contract Appeals, GSBCA No. 11284 and GSBCA No. 11409, denying its claims arising under a contract to lease automobiles and light trucks to the Government. We affirm the decisions of the Board.
 
 
 2
 Centennial entered into a contract with the Government whereby the Government leased vehicles from Centennial by placing delivery orders for the vehicles. Each delivery order was for the period of one year with the option in the Government for renewal for two consecutive one year periods. The contract also contained the usual provision for termination of any delivery order for the convenience of the Government. The contract portioned responsibility for damage to the vehicles in considerable detail, essentially obligating the Government to pay for damage beyond ordinary wear and tear.
 
 
 3
 Centennial's claims arose out of the failure of the Government to either renew or provide notice that it would not renew several delivery orders and the termination of others for the convenience of the Government. Among Centennial's claimed losses were financing charges incurred as a result of Centennial's assumption that the leases would be renewed, costs incurred in releasing or selling the vehicles, and costs of repairing damage to the vehicles. The contracting officer refused to pay Centennial's financing and marketing costs and paid for some of the damage. The Board affirmed the decision of the contracting officer in all respects.
 
 
 4
 Centennial's argument for the reversal of GSBCA No. 11409 appears to be that the contracting officer orally led Centennial to believe that the option to renew some delivery orders was being exercised. The Board specifically found that the contracting officer notified Centennial that the delivery orders in question would expire and would not be renewed. Centennial has not shown that this factual finding is not supported by substantial evidence. Our review of the materials submitted with the briefs does not disclose any basis for reversing the Board's findings of fact in this regard.
 
 
 5
 Centennial argues that the Board erred in GSBCA No. 11284 by denying it compensation for its financing costs after one delivery order was terminated for the convenience of the Government. Centennial argues that the costs at issue "would be the same type of costs as a factory lease which are continued to be borne by a contractor after a termination for convenience occurs."
 
 
 6
 In denying this claim, the Board noted that "interest on borrowings (however represented)" is not recoverable in a termination for convenience. FAR 31.205-20 (1988). Centennial has cited no authority to the contrary. We discern no error in this determination.
 
 
 7
 The decisions of the General Services Board of Contract Appeals are affirmed.